UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANITRA LINZY *on behalf of the estate* )
*of* CYNTHIA GREEN, *et al.*, )
                                               )
    Plaintiffs, )
                                               )
    v. )    Civil Case No. 23-1146 (RJL)
                                               )
MEDSTAR WASHINGTON )
HOSPITAL CENTER, )
                                               )
    Defendant. )

## MEMORANDUM ORDER
(March 28, 2024) [Dkt. #5]

Plaintiff Anitra Linzy sued MedStar Washington Hospital Center ("MWHC") for gross negligence related to the death of her mother, Cynthia Green, who was admitted to the hospital for asthma but later contracted COVID-19 and died. MWHC moved to dismiss the complaint, arguing that Linzy's claims fall under the immunity provision in the Public Readiness and Emergency Preparedness Act ("PREP Act") or, alternatively, that she lacked capacity to sue as the personal representative of Green's estate. Because Linzy's claims are not covered by the PREP Act's immunity provision and the hospital has failed to show that Linzy lacks capacity to sue as the personal representative of Green's estate, defendant's motion to dismiss is hereby **DENIED**.

Linzy alleges that MWHC was grossly negligent in two ways: first, for failing to separate Green from a COVID-19 positive patient in light of her pre-existing conditions,

which created a substantial risk of harm or death if she were to contract COVID-19; and second, for failing to properly care for her after she was diagnosed with COVID-19 "out of fear for the safety of [MWHC] employees and medical staff." These claims, however, are not causally related to the "administration" or "use" of a "covered countermeasure," and thus the immunity provision of the PREP Act does not apply. *See* 42 U.S.C. § 247d-6d(a)(1), (2)(B); *Hampton v. California*, 83 F.4th 754, 764 (9th Cir. 2023); *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 246 (5th Cir. 2022).

MWHC also contends that Linzy does not have standing to sue as Green's personal representative because she did not follow the proper procedures for opening an estate in Maryland and registering a foreign estate in D.C. MWHC's challenge to the estate's venue fails because actions taken after administrative probate are "final and binding as to all interested persons" subject to a limited number of exceptions, not including venue. Md. Code Ann., Est. & Trusts § 5-304(a)(1), (b). MWHC's challenge to the closure of the estate fails because personal representatives may initiate suit even if the estate is closed, and Linzy has not been terminated as personal representative. *Carter v. Lindsay Corp.*, No. 21-cv-311, 2022 WL 394461, at *3–4 (D. Md. Feb. 9, 2022); Md. Code Ann., Est. & Trusts § 6-303(a)). Finally, MWHC points to no authority requiring dismissal for a failure to file written accounts detailing the management of the estate and distribution of the estate's property.

Finally, MWHC challenges Linzy's failure to register a foreign estate in the District of Columbia. Foreign personal representatives of an estate must file with the D.C. Register of Wills a copy of the appointment as personal representative and an authenticated copy of

the decedent's will, if any. D.C. Code § 20-341(b). Linzy's failure to file a copy of her appointment as personal representative "prevents the [e]state from bringing suit," but "this procedural oversight is curable." *Est. of Manook v. Rsch. Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*, 693 F. Supp. 2d 4, 17 (D.D.C. 2010). Thus, the Court will deny the defendant's motion to dismiss on this basis but will order plaintiff to file the requisite documents with the D.C. Register of Wills.

Accordingly, for the reasons stated above, and upon consideration of the parties' submissions and the entire record herein, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Dkt. # 5] is **DENIED**; and it is further

**ORDERED** that plaintiff shall file a copy of her appointment as personal representative of Green's estate with the District of Columbia Register of Wills within fourteen days of this order.

**SO ORDERED.**

*/s/ Richard J. Leon*
RICHARD J. LEON
United States District Judge