## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANITRA LINZY *on behalf of*
CYNTHIA GREEN, et al.,

        *

        **Plaintiffs,**

        *

v.                                      **Civil Case No.: 23-1146 (RJL)**

                                          **HON. RICHARD J. LEON**

        *

MEDSTAR WASHINGTON HOSPITAL
CENTER

        *

        **Defendant.**

        *

*    *    *    *    *    *    *    *    *    *    *    *    *

## JOINT MEET AND CONFER STATEMENT

In accordance with Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3, and the Court's Case Management Order (D.E. 14), counsel for Plaintiffs and for MedStar Washington Hospital Center Corporation d/b/a MedStar Washington Hospital Center ("MWHC") have met and conferred, and hereby submit this Joint Meet and Confer Statement.

**A. Statement of Facts of the Case and Statutory Basis for All Causes of Action and Defendants.**

This is Plaintiff Anitra Linzy's second action filed in this Court against MWHC raising claims relating to the death of her mother, Cynthia Green, due to complications from COVID-19. In the first action, Ms. Green's Complaint was dismissed because her claims as pleaded fell under the District of Columbia's state-law immunity for COVID-19 medical care. *See* Civil Case No. 22-1752 (RJL), Dkt. #12; *see also* D.C. Code § 7-311. After this Court denied leave to amend and dismissed the first action, Plaintiff filed this separate action with a new Complaint, raising the same underlying factual allegations, but adding new legal claims that the MWHC's

care of her mother constituted gross negligence and/or recklessness.   MWHC denies all allegations against it, and asserts that its care of Ms. Green complied with the applicable national standard of care and did not cause her death or other injury.

Plaintiffs' Complaint includes three counts:  Count I for professional gross negligence (a common-law claim, though subject to the requirements of D.C. Code § 12-2801 et seq. for claims sounding in medical malpractice), Count II for survival action (pursuant to D.C. Code § 12-101 et seq.), and Count III for wrongful death (pursuant to D.C. Code § 16-2701 et seq.).

MWHC's defenses are stated in full in its Answer to the Complaint, which is incorporated in full by reference.  Many of MWHC's defenses have common-law bases.  As to statutory-based defenses, MWHC has asserted: (a) immunity pursuant to D.C. Code § 7-311, D.C. Code, D.C. Code § 7-2304.01 and the PREP Act (42 U.S.C. § 247d et seq.) and any other applicable immunities; and (b) the statute of limitations, D.C. Code § 12-301. MWHC reserves the right to add or amend defenses as discovery and investigation progress.

### B.  Topics Listed in Local Rules 16.3(c)(3)

1.     <u>Likelihood of Disposal by Dispositive Motion</u>. MWHC anticipates filing a motion for summary judgment at the conclusion of discovery. Plaintiffs will be unable to establish the high bar set under D.C. law to establish gross negligence and/or recklessness in the care and treatment of Ms. Green.  And, as the Court previously ruled when it dismissed Ms. Green's first action, in this case, any care short of gross negligence and/or recklessness is subject to the statutory immunity for COVID-19-related care at D.C. Code § 7-311.

2.     <u>The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed</u>.  The parties do not anticipate joinder of additional parties or a need to amend the pleadings.  However, deadlines

for those events are set forth in the proposed scheduling order, below.  MWHC has filed an Answer responding to the allegations in the Complaint based on its preliminary investigation. MWHC disputes all of Plaintiffs' allegations as to gross negligence/recklessness, causation, and damages, and demands strict proof thereof.

       3.     <u>Consent to Magistrate Judge</u>. The Parties do not consent to this case being assigned to a magistrate judge for any purposes.

       4.     <u>Settlement.</u> The Parties do not believe that settlement discussions would be useful at this time.

       5.     <u>ADR.</u> After the parties have had the opportunity to complete additional record, fact witness, and expert witness discovery, the Parties anticipate that mediation may be appropriate for this case.  The parties will confer as to potential mediation and as to appropriate candidates for mediators.

       6.     <u>Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions</u>.  MWHC anticipates filing a motion for summary judgment at the conclusion of discovery.  Based on MWHC's preliminary investigation, Plaintiffs will be unable to establish the high bar set under D.C. law to establish gross negligence and/or recklessness in the care and treatment of Ms. Green.  And, as the Court has already ruled in its prior ruling dismissing Ms. Green's first action, in this case, any care short of gross negligence and/or recklessness is subject to the statutory immunity for COVID-19-related care at D.C. Code § 7-311.  Proposed dates for the filing of dispositive motions, oppositions, replies, and a proposed decision are included in the Proposed Scheduling Order below.

7.      Fed. R. Civ. P 26(a)(1) initial disclosures.  The parties stipulate to dispense with the initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

8.      The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.  The parties anticipate that this case will involve document discovery as well as the depositions of Ms. Green and medical provider fact and expert witnesses.  The below Proposed Scheduling Order includes a deadline by which the parties presently anticipate completing all discovery.  As discovery proceeds, the parties may confer as to whether a protective order and/or additional limits on discovery are required.

9.      Electronically stored information (ESI).  This case is unlikely to involve significant ESI discovery.

10.      Privilege or of protection as trial-preparation materials.  To the extent that a party asserts attorney-client or work product privilege in response to discovery requests, and the opposing party seeks to challenge the privilege, the parties will promptly (a) meet and confer as to the issue and (b) if unable to resolve it, the party seeking production will file an appropriate motion with the Court.  As authorized by Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.

11.      Expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) and expert depositions.  At the present time, the parties do not request to waive the reports and disclosures required by Federal Rule of Civil Procedure 26(a)(2).  Defendants anticipate taking the depositions of all experts designated by the Plaintiffs, and anticipate requesting deposition

dates promptly after Plaintiffs' Rule 26(a)(2) disclosures, so that the depositions of Plaintiffs' experts can be completed prior to the deadline for Defendants' Rule 26(a)(2) disclosures.

12.    <u>Class actions</u>.  Not applicable.

13.    <u>Bifurcation of Trial and Discovery</u>.  The parties do not request bifurcation of discovery.  The parties believe it is premature to comment on potential bifurcation of any issues at trial.

14.    <u>Date for pretrial conference</u>.  The parties request that the Pretrial Conference be scheduled at the close of discovery status conference.

15.    <u>Trial Date</u>.  The parties respectfully suggest that a final trial date be set at the Pretrial Conference.

16.    <u>Other matters</u>.  None

**C.    Proposed Case Schedule.**

The parties request that the Court adopt the following schedule:

| Event | Date |
|---|---|
| Motion to amend the pleadings or for joinder of additional parties | July 1, 2024 |
| Plaintiff's Rule 26(a)(2) expert disclosures | July 31, 2024 |
| Defendant's Rule 26(a)(2) expert disclosures | October 31, 2024 |
| Deadline for filing of interrogatories, requests for production, or requests for admission | January 17, 2025 |
| Completion of Discovery | February 28, 2025 |
| Close of Discovery Status Conference | March 11, 2025 |
| Deadline to file motions for summary judgment | March 17, 2025 |
| Deadline to file oppositions to motions for summary judgment | March 31, 2025 |
| Deadline to file replies concerning motions for summary judgment | April 14, 2025 |
| Hearing on motions for summary judgment | April 23, 2025 |
| Proposed date for ruling on motions for summary judgment | May 16, 2025 |

Respectfully submitted,

| | |
|---|---|
| _/s/ Andrew O. Clarke_ | _/s/ Sean Gugerty_ |
| Andrew O. Clarke, Esquire (Bar #1032649) | Janet Forero (Bar #422014) |
| aclarke@districtlegalgroup.com | jforero@gdldlaw.com |
| District Legal Group, PLLC | Sean Gugerty (Bar #888273586) |
| 163 Waterfront Street | sgugerty@gdldlaw.com |
| Suite 400 | Goodell, DeVries, Leech & Dann, LLP |
| National Harbor, MD  20745 | One South Street, 20th Floor |
| (202) 780-9144 | Baltimore, Maryland 21202 |
| **Attorneys for the Plaintiff** | (410) 783-4000 |
| | **Attorneys for Defendant MedStar Washington Hospital Center** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of June 2024, a copy of the Joint Meet and

Confer Statement and Proposed Order were served via efiling on:

Andrew O. Clarke, Esq.
District Legal Group, PLLC
163 Waterfront Street, Suite 440
National Harbor, Maryland 20745
aclarke@aclarkelaw.com

_/s/ Sean Gugerty_
Sean Gugerty (Bar #888273586)